IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TALL and JOANNE OLIVAS,<br><br>  Plaintiffs,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICAN HOME MORTGAGE ASSETS TRUST 2006-5; and AMERICAN HOME MORTGAGE CORPORATION,<br><br>  Defendants.<br> / | No. C 12-05348 WHA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

## INTRODUCTION

Plaintiffs filed an *ex parte* application for a restraining order to halt an impending foreclosure sale on their property. For the reasons set forth below, the application is **DENIED**.

## STATEMENT

In this foreclosure action, plaintiffs Brian Tall and Joanne Olivas filed a complaint on October 17, 2012 seeking to quiet title on their residence. Plaintiffs' complaint includes claims to quiet title and for declaratory relief, wrongful foreclosure, and fraud against defendants Mortgage Electronic Registration System ("MERS"), Deutsche Bank National Trust Company, American Home Mortgage Assets Trust 2006-5, and American Home Mortgage Corporation. Plaintiffs filed declarations of service of the summons on MERS, Deutsche Bank, and Assets Trust 2006-5. No defendant has yet appeared in this action.

1     On November 8, 2012, plaintiffs Brian Tall and Joanne Olivas filed an ex parte
2 application for a temporary restraining order and order to show cause why a preliminary
3 injunction should not issue. Plaintiffs seek to enjoin defendants from foreclosing on, transferring
4 ownership of, or further encumbering the subject property. The foreclosure sale is scheduled for
5 November 15, 2012. This action was reassigned to the undersigned judge on November 8. On
6 that same day, this Court issued an order setting a hearing for November 13, requiring
7 defendants to file a written response by November 15, and requiring plaintiffs to serve the order
8 on all defendants. No response was received from defendants.

9     Plaintiffs stated that counsel for defendants were given notice and that the TRO papers
10 were provided to them. It does not appear, however, that plaintiffs adequately served defendants
11 or their counsel prior to the filing of the TRO application. Plaintiffs' declaration of service
12 indicates that a fax was sent to the "Resolution Department" of Homeward Residential, formerly
13 known as American Home Mortgage, and to the "Trustee Department" of Fidelity National
14 Default Services. The fax does not appear to have been sent to all defendants, and was not sent
15 to counsel for defendants or to the registered agents listed in plaintiffs' return of summons
16 filings. Additionally, it does not appear that defendants were properly served with the November
17 8 order setting the TRO hearing, though the order clearly required that plaintiffs do so.

18     The complaint alleges that on August 9, 2005, plaintiffs entered into a promissory note
19 for $599,000.00 with American Brokers Conduit, secured by a deed of trust. Plaintiffs allege
20 that the current deed of trust "is invalid in that it lists MERS as a beneficiary of the mortgage."
21 Plaintiffs do not attach any loan documents to the complaint or otherwise allege facts to
22 substantiate these allegations. Through a series of transactions, plaintiffs allege that the
23 promissory note was sold to American Home Mortgage Corporation, which then sold the note to
24 American Home Mortgage Assets, LLC. American Home Mortgage Assets Trust 2006-5 later
25 purchased the promissory note. Named defendant Deutsche Bank National Trust is the current
26 trustee for Assets Trust 2006-5 (Compl. ¶ 28). Plaintiffs allege that the original mortgage
27 instrument was invalid due to the naming of MERS as the beneficiary. Plaintiffs further allege
28 that defendants did not physically possess and transfer or endorse the promissory note, such that

2

none of the defendants perfected any interest or claim of title in the property. The complaint alleges that plaintiffs nevertheless made payments to the purported loan servicer, American Home Mortgage Corporation "in excess of $50,000" over several years (Compl. ¶ 62).

In their TRO application, plaintiffs argue that there is a likelihood of success on the merits and that they will suffer irreparable injury if their residence is foreclosed upon. The application alleges, for the first time, that the foreclosure sale must be enjoined because defendants did not comply with the procedures set forth in California Civil Code Section 2923.5(a). These allegations are nowhere included in the complaint, which addresses only the invalidity of the deed of trust and subsequent transfers of the promissory note. In support of their application, plaintiffs submitted a declaration which states that "prior to issuing the Notice of Default regarding our property, none of the Defendants specifically Deutsche Bank National Trust Company and American Home Mortgage Corporation or any other servicing or lender agent of the owner of the Note pertaining to our property ever contacted us to discuss our options related to the pending default on our loan" (Tall and Olivas Decl. ¶ 7).

On November 12, counsel for plaintiffs filed a motion to appear telephonically at the TRO hearing. The request was denied (Dkt. No. 14). At the date and time set forth in the November 8 order, the action was called for hearing. No parties appeared. To provide time for late arrival, the action was called a second time ten minutes later. Again, no one appeared. For the reasons stated below, the application for a TRO is **DENIED**.

## ANALYSIS

A plaintiff seeking a preliminary injunction must show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). In balancing these factors, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2010).

1. **PLAINTIFFS HAVE NOT RAISED "SERIOUS QUESTIONS" REGARDING THE CLAIMS IN THEIR CURRENT COMPLAINT.**

Plaintiffs have not offered legal arguments and evidence in support of their request for a temporary restraining order to raise even a "serious question" going to the merits. *First*, plaintiffs' complaint alleges that the promissory note and deed of trust were separated and securitized before they were properly assigned, thus invalidating the deed of trust. Courts in this district, including the undersigned judge, have rejected such arguments. For example, in *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (Alsup, J.), plaintiff argued "the erroneous theory that all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool." As stated in that decision, "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure." *Ibid.* (citing *Pagtalunan v. Reunion Mortgage Inc*., No. 09-162, 2009 WL 961995, at *1 (N.D. Cal. Apr. 8, 2009) (M.J. Laporte)). Here, plaintiffs have not provided sufficient evidence or allegations to determine who the foreclosing party is, and have only provided conclusory allegations regarding MERS' lack of authority to assign interests in a mortgage or deed of trust. Plaintiffs have provided no evidence to establish that, in their case, the original promissory note was not legal, that the sales of the original promissory note were not legal, and that defendants have no legal rights in or ownership of the promissory note. On this record, plaintiffs have not established any likelihood of success on the merits of their claim.

*Second,* to the extent that plaintiffs contend that MERS is not authorized to initiate a foreclosure proceeding, courts have rejected that argument where the terms of the applicable deeds of trust state otherwise. In *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. 2009) (Ware, J.), the court rejected plaintiff's contention that MERS "status alone does not entitle MERS to foreclose on the property . . ." That decision stated that "courts have been clear to allow MERS to conduct the foreclosure process when granted the

4

power of sale provision. Since Plaintiff granted MERS the right to foreclose in his contract, his argument that MERS cannot initiate foreclosure proceedings is meritless." *Ibid.* In this case, plaintiffs have not provided any documentation to support their conclusory allegations that MERS is not authorized to foreclose under the terms of their contract, or cannot authorize another party to do so.

As to the claims in their complaint, plaintiffs have not established even a "serious question" as to their likelihood of success on the merits.

### 2. PLAINTIFFS' NEW ALLEGATIONS REGARDING VIOLATION OF SECTION 2923.5.

As discussed above, plaintiffs raise for the first time in their TRO application a claim that defendants failed to comply with California Code Section 2923.5. That provision requires:

> [B]efore a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure. . . . '*A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure*.' There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan.

*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213–14 (2010) (emphasis added). The lender must notify the borrower and help her assess her options for modification but need not automatically provide modification.

"[T]he remedy for noncompliance [with Section 2923.5] is a simple postponement of the foreclosure sale, nothing more." *Id*. at 214. Plaintiffs are not entitled to any particular outcome, and defendants are not required to provide a loan modification or other relief. Again, the only relief available is in the form of postponement of a foreclosure sale.

Plaintiffs have not clearly established that defendants have failed to comply with Section 2923.5. The sole evidence submitted is a declaration from plaintiffs that does not clearly state that *no defendant* ever contacted them prior to the notice of default to assess their financial situation or explore options to prevent foreclosure. Plaintiffs' declaration does not clearly establish whether any defendant contacted them at any time, regardless of whether plaintiffs believe that party was the proper owner, lender, or servicer of the mortgage (Tall and Olivas Decl. ¶¶ 7-9). On the record currently before the Court, and particularly given that defendants

5

have not had a fair opportunity to respond, plaintiffs have not met their burden to establish at least "serious questions" regarding the likelihood of success on this new claim.

Accordingly, plaintiffs' application for a TRO is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE