United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN TALL and JOANNE OLIVAS,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICAN HOME MORTGAGE ASSETS TRUST 2006-5; and AMERICAN HOME MORTGAGE CORPORATION,

    Defendants.

No. C 12-05348 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND VACATING HEARING**

**INTRODUCTION**

In this wrongful-foreclosure action, defendants move to dismiss the complaint pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

In August 2006, plaintiffs Brian Tall and Joanne Olivas entered into a promissory note for $599,000.00 with American Brokers Conduit, secured by a deed of trust for real property located on Kay Court in Fremont. Through a series of transactions involving a securitized trust that was formed by the execution of a Pooling and Servicing Agreement, the promissory note was sold to American Mortgage Corporation, which then sold the note to American Home Mortgage Assets, LLC. American Home Mortgage Assets Trust 2006-5 (referred to as

"American Home Mortgage Assets Trust 2007-AA4" in plaintiffs' opposition) later purchased the promissory note. Named defendant Deutsche Bank National Trust Company is the current trustee for Assets Trust 2006-5 (Compl. ¶ 28). The original beneficiary of the mortgage was defendant Mortgage Electronic Registration Systems, Inc. (*id*. at ¶ 11).

In October 2012, plaintiffs filed this instant action bringing claims for wrongful foreclosure, fraud, quiet title, and declaratory relief. The foundation of plaintiffs' complaint is that defendants "unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Property, and thus, do not have lawful ownership or a security interest in Plaintiff's Home . . ." (*id*. at ¶ 2).

On November 8, plaintiffs filed an ex parte application for a temporary restraining order, seeking to enjoin defendants "from foreclosing on, transferring ownership of, or further encumbering" the subject property. Finding that plaintiffs had not met their burden to establish at least "serious questions" regarding the likelihood of success on the merits, plaintiffs' application was denied (Dkt. No. 21). The foreclosure sale was scheduled for November 15, 2012. Whether the property was sold remains unknown. Defendants now move to dismiss plaintiffs' complaint for failing to allege a claim upon which relief can be granted.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). At a minimum, a plaintiff must provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Ibid*.

On a motion to dismiss pursuant to Rule 12(b)(6), a district court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to

2

the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

### 1. WRONGFUL FORECLOSURE.

As detailed below, plaintiffs' claim appears to be predicated on several grounds, each of which are addressed below.

#### A. The Status of MERS.

Plaintiffs' first argument in support of their wrongful foreclosure claim is that MERS did not have the authority to assign the promissory note and deed of trust to any other entity because MERS is not the true beneficiary of the loan (Compl. ¶ 37).

Under California law, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process, and "a person authorized to record the notice of default or the notice of sale shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ. Code §§ 2924(a)(1), (b)(4). If the deed of trust contains an express provision granting a power of sale, the beneficiary may pursue non-judicial foreclosure under the provisions of Section 2924, often called a "trustee's sale." *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005). Here, the deed of trust states in relevant part:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Interest secures to Lender: (1) the repayment of the Loan, and all renewals, extension and modification of the Note; . . ."
>
> Borrower understands and agrees that MERS hold only legal title to the interest . . . if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest, including, but not limited to, the right to foreclosure and sell the Property, and to take any action required of Lender . . ."
> (RJN Exh. 4).

Courts have rejected the argument that MERS is not authorized to initiate a foreclosure proceeding where the terms of the applicable deeds of trust state otherwise. In *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189–90 (N.D. Cal. 2009) (Judge James Ware), the court rejected the plaintiff's contention that MERS' "status alone does not entitle

1 MERS to foreclose on the property . . . ." That decision stated that "courts have been clear to
2 allow MERS to conduct the foreclosure process when granted the power of sale provision.
3 Since Plaintiff granted MERS the right to foreclose in his contract, his argument that MERS
4 cannot initiate foreclosure proceedings is meritless." *Ibid*. Here to, since MERS had the right
5 to initiate foreclosure proceedings under plaintiffs' deed of trust, MERS had the authority to
6 transfer said right to Assets Trust 2006-5.

7 In their opposition, without citing any authority, plaintiffs further allege that MERS
8 is not entitled to transact business in California (Opp. ¶ 7). Although defendants failed to
9 respond to this allegation in their reply, this order is not persuaded by plaintiffs' argument.
10 *See Lomboy v. SCME Mortgage Bankers, No. 09-1160*, 2009 WL 1457738, at *3 (N.D. Cal
11 May 26, 2009) (Judge Samuel Conti) (noting that MERS may be exempt from statutory
12 registration requirement).

### B. Physical Transfer.

14 Next plaintiffs allege that despite the sale of the promissory note, American Brokers
15 Conduit failed to transfer the physical promissory note to Assets Trust 2006-5 (Opp. ¶ 5).
16 This "original note" theory has been rejected by courts in this district, including the undersigned
17 judge. For example, in *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043
18 (N.D. Cal. 2009) (Judge William Alsup), the plaintiff argued "the erroneous theory that all
19 defendants lost their power of sale pursuant to the deed of trust when the original promissory
20 note was assigned to a trust pool." As stated in that decision, "California law does not require
21 possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . .
22 Pursuant to Section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has
23 the right to initiate the foreclosure process. Production of the original note is not required to
24 proceed with a non-judicial foreclosure." *Ibid*. (citing *Pagtalunan v. Reunion Mortgage, Inc.*,
25 2009 WL 961995, at *1 (N.D. Cal. April 8, 2009) (Maj. Judge Elizabeth D. Laporte).

4

### C. Separation.

Plaintiffs' third argument alleges that because the promissory note and deed of trust were separated and securitized before they were properly assigned, the deed of trust was consequently invalidated and MERS no longer had any legal relationship with the promissory note. Therefore, neither MERS nor any purported assignees of the mortgage (including Assets Trust 2006-5) have the legal right to foreclose on the property (Compl. ¶ 58).

Our court of appeals has indicated that a mortgage is unenforceable only if a promissory note and a deed are "irreparably split." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). In *Cervantes*, the plaintiffs argued that all transfers of the interests in the home loans within the MERS system were invalid because the system splits the deed from the note, and thus, no party was in a position to foreclose. *Ibid*. The court of appeals disagreed with the plaintiffs and held that "the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agent of the lenders." *Ibid*. Here, plaintiffs have similarly failed to allege how there has been any irreparable splitting of the promissory note and deed of trust, or why MERS was not an agent of the lender.

### D. Securitization.

Plaintiffs vaguely contend in their complaint that defendants allegedly failed to comply with the terms of a Pooling and Servicing Agreement. In their opposition, plaintiffs specify that "neither the note nor the deed of trust was assigned to the securitized trust by the closing date," and that there was not a "complete and unbroken chain of transfers and assignments to and from each intervening party" (Opp. ¶¶ 10–11).

Our court of appeals has not issued a binding decision on point. This order will therefore follow persuasive authority from this district. Plaintiffs lack standing to base their wrongful foreclosure claim on the theory that defendants allegedly failed to comply with the terms of the PSA because plaintiffs are neither a party to, nor a third-party beneficiary of, that agreement. *Ganesan v. GMAC Morg., LLC*, 2012 WL 4901440, *4 (N.D. Cal. Oct. 15, 2012) (Maj. Judge Maria-Elena James); *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 2277937 *4–5 (N.D. Cal.

1  June 18, 2012) (Judge Thelton E. Henderson). Based on this analysis, defendants' motion to
2  dismiss plaintiffs' wrongful foreclosure claim is **GRANTED**.

### 2. FRAUD.

Plaintiffs' fraud claim is predicated on allegations that American Home Mortgage Company, as an alleged agent of American Home Mortgage Assets Trust 2006-5, wrongfully collected more than $50,000.00 in mortgage payments from plaintiffs. Plaintiffs allege that defendants materially misrepresented that American Home Mortgage Corporation had the right to collect mortgage payments and did so to induce plaintiffs to rely on the misrepresentations and make mortgage payments to American Home Mortgage Corporation (Compl. ¶ 62).

The elements of fraud are: (1) a misrepresentation by the way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Under Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be accompanied by 'the who, what, when, where and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs fail to meet this standard.

Beyond generally alleging the existence of misrepresentations, the complaint fails to allege "the who, what, when, where, and how." The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said, and when it was said. Furthermore, the complaint fails to set forth facts alleging fraud attributable to each defendant. When several defendants are sued in connection with an alleged fraudulent scheme, the complaint does not necessarily have to identify the false statements made by each defendant, but the complaint must inform each defendant of the allegations surrounding its alleged participation in the fraud. *Swartz v. KPMG LLC*, 476 F.3d 756, 764 (9th Cir. 2007). Defendants' motion to dismiss plaintiffs' fraud claim is thus **GRANTED**.

### 3. QUIET TITLE.

Plaintiffs' quiet title claim is based on the allegation that the deed of trust "is invalid in that it lists MERS as a beneficiary of the mortgage. As cited previously, if MERS is a beneficiary of a security instrument, then that security instrument is invalid" (Compl. ¶ 46). As discussed above, plaintiffs' understanding of the law is flawed. Furthermore, plaintiffs claim for quiet title fails for the additional reason that plaintiffs have failed to allege unconditional tender, which is required to maintain an action to quiet title in California. *Arnold Mgmt. Corp. v. Eichen*, 158 Cal. App. 3d 575, 578 (1984). Accordingly, defendants' motion to dismiss plaintiffs' claim for quiet title is **GRANTED.**

### 4. DECLARATORY RELIEF.

Plaintiffs request declaratory relief on the basis that an actual controversy has arisen between plaintiffs and defendants concerning their respective rights and duties regarding the promissory note and deed of trust (Compl. ¶ 49). Plaintiffs argue that: (1) pursuant to the transactions between American Brokers Conduit and Assets Trust 2006-5, defendants do not have the authority to foreclose upon the property; (2) American Home Mortgages Services has no legal right to collect mortgage payments relating to the mortgage at issue; and (3) MERS cannot validly assign its interest in a mortgage or deed of trust, and, as such, the appointment of MERS renders any mortgage or deed of trust listing MERS as a beneficiary as a void instrument (*id*. at ¶¶ 52–54). Plaintiffs therefore request a judicial determination of the rights, obligations, and interests of the parties with regard to the property.

Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). Plaintiffs' failure to state a cognizable claim for relief demonstrates the absence of an actual controversy to support declaratory relief. Plaintiffs' request for declaratory relief is generally pled and is based on the ground that defendants do not have the authority to foreclose on the property. Because plaintiffs' theories regarding why defendants have no authority to foreclose on the property are not legally

cognizable, there is no basis for declaratory relief. *See Societe de Conditionnment v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). Defendants' motion to dismiss plaintiffs' claim for declaratory relief is thus **GRANTED**.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiffs' complaint is **GRANTED**. Plaintiffs may seek leave to amend and will have until **JANUARY 11, 2013**, to file a proposed amended complaint, which must be appended to the motion. Plaintiffs must plead their best case. Any such motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. The hearing scheduled for January 3, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8